**IN THE SUPERIOR COURT OF GUAM**

| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>RAFAEL C. VELASCO and<br>LUCINA C. VELASCO | PROBATE CASE NO.<br>PR0159-13<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on February 28, 2014 on Petitioner Alex C. Velasco's ("Petitioner") Motion to Strike and Dismiss Opposition to Admission of Will and Grant of Letters Testamentary. Attorney Jessica L. Toft was present on behalf of the Petitioner. Attorney Vanessa Ji was present on behalf of Gilbert Velasco ("Contestant"). Having reviewed the pleadings and the arguments presented, the Court now issues its Decision and Order.

## BACKGROUND

On December 6, 2013, Petitioner filed an Amended Petition for Letters Testamentary and Admission of Wills. On February 7, 2014, Contestant filed an Opposition to Admission of Will and Objection to Grant of Letters Testamentary. First, Contestant claims that based on erroneous information on the face of the will, the Decedents appear to have lacked testamentary capacity. Opp'n. at 1 ¶ 3. Second, Contestant objects to the appointment of Petitioner, claiming that Petitioner appears to have mischaracterized the character and estimated value of the property of the Estates. *Id.* at 2 ¶ 4. On February 21, 2014, Petitioner filed a Motion to Strike Opposition to

Admission of Will and Objection to Grant Letters of Testamentary, and in the alternative, Motion to Dismiss. Contestant then filed an Opposition to the Motion to Strike and the Motion to Dismiss on February 27, 2014.

## DISCUSSION

Under Guam law, will contests are by governed by 15 GCA Chapter 16. Section 1601 provides:

> At any time before the hearing of a petition for probate and for the grant of letters testamentary, or of letters of administration with the will annexed in the first instance, any person interested may contest the will by filing written grounds of opposition to the probate thereof. Following such filing, a citation shall be issued by the Superior Court of Guam, directed to the petitioner, to the heirs of the decedent and to all persons interested in the will, including minors and incompetents, wherever residing, directing them to plead to the contest within thirty (30) calendar days after service of such citation. Service of such citation shall be made in the manner provided by law for the service of a summons in a civil action. Any person so served may move for the dismissal of the contest upon any of the grounds available for such motion in civil actions under the Rules of Civil Procedure for the Superior Court of Guam. If the Superior Court of Guam grants such motion without prejudice, it may allow the contestant a reasonable amount of time, not exceeding ten (10) calendar days, within which to amend his contest. If the Superior Court of Guam denies such motion, the petitioner and others interested, within ten (10) calendar days after the receipt of written notice of such denial, may jointly or separately answer the contest.

15 GCA § 1601.

Further, objections to granting letters testamentary are governed 15 GCA Chapter 17. Section 1723 (a) provides:

> Any person interested in the estate may, at any time prior to the hearing provided in Section 1515 of this Title, file objections in writing to the granting of letters testamentary to the persons named in the will as executors, or any of them, and such objections must be heard and determined by the Superior Court of Guam at the hearing provided in Section 1515 of this Title. Such person may at the same time file a petition praying that letters of administration with the will annexed be granted to him in the first instance, in lieu of a grant of letters testamentary to the petitioner therefor. Such petition must comply with the provisions of Section 1507 of this Title, and shall also be heard at the hearing provided in Section 1515 of this Title.

//

15 GCA § 1723.

Petitioner first argues that the Court should strike Contestant's opposition and objection as untimely. On January 2, 2014, a notice of hearing set for January 24, 2014 was served to the heirs of the estate via mail, posting, and publication. Contestant was included as one of the heirs noticed via mail. At the January 24, 2014 hearing, counsel for Contestant appeared and requested for an extension of time. Prior to that hearing, Contestant had not filed any opposition. Over Petitioner's objection, the Court reset the hearing to February 7, 2014 at 9:00 a.m. Thus under section 1601, February 7, 2014 at 9:00 a.m. was the new cutoff for Contestant to file a written opposition. Contestant filed an opposition on that day at 8:39 a.m. Petitioner argues that Contestant's filing was untimely. The Court disagrees. The plain language of § 1601 states "[a]t any time before the hearing of a petition for probate and for the grant of letters testamentary . . . any person interested may contest the will by filing written grounds of opposition to the probate thereof." 15 GCA § 1601. Contestant's filing occurred before the hearing, albeit twenty minutes. The Court construes § 1601's filing requirement as distinct from that of regular motions practice, where a motion, opposition, and reply are all due prior to the hearing for oral arguments. In this case, the only filing required prior to the hearing is the Contestant's opposition to the admission of will. That is because upon the Court's subsequent issuance of a citation, the Petitioner is given 30 days to plead to the Contestant's opposition. Although the Court did not issue a citation, Petitioner was afforded time to respond to the opposition, which Petitioner did in its present motion. On those bases, the Court finds that the Contestant's filing was not untimely.

Petitioner also argues that Contestant's opposition should be stricken because Contestant is responsible for service of the citation, and must provide service of the citation in the manner provided by the law for the service of a summons in a civil action. Pet'r's. Mot. at 6-7.

Petitioner, however, then confuses service of the citation with service of Contestant's opposition and argues that "Contest[ant] has never served the Petitioner with the Opposition . . . [i]nstead, Contest[ant] has attempted to serve the opposition on Petitioner's counsel." *Id.* at 8. The Court will not strike Contestant's opposition on this basis as the service requirement pertains to the citation and not the opposition. While the Court is not saying the opposition need not be served on the opposing party, in this case, the filing of the opposition twenty minutes prior to the hearing did not prejudice the Petitioner, as time was then afforded to the Petitioner to respond.

Further under § 1601, Petitioner moves to dismiss Contestant's opposition with prejudice on the grounds that there is a lack of jurisdiction based on insufficient service of process, and that the opposition fails to state a claim upon which the relief requested could be granted. Pet'r's. Mot. at 9. As discussed above, section 1601's service requirement pertains to the citation and not the opposition. Therefore, the Court will not dismiss the opposition for lack of jurisdiction based on insufficient service of process.

Next, Petitioner argues, in the alternative, that the Court dismiss the opposition with prejudice because the opposition fails to state any grounds upon which the wills could be denied admission to probate, and also fails to state any grounds upon which Petitioner could be denied letters testamentary. Petitioner's argument is presumably grounded in GRCP Rule 12(b)(6)—failure to state a claim upon which relief can be granted. Because section 1601 provides that "[a]ny person so served may move for the dismissal of the contest upon any of the grounds available for such motion in civil actions under the Rules of Civil Procedure for the Superior Court of Guam," the Court will analyze the motion to dismiss under the relevant 12(b)(6) standards.

When presented with a 12(b)(6) motion, a court may dismiss a complaint "if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which

would entitle him to relief." *Taitano v. Taitano*, 2009 Guam 9 ¶ 6 (citing *Vasques v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In reviewing such a motion, the court must 'construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano*, 2009 Guam 9 ¶ 6 (quoting *First Haw. Bank v. Manley*, 2007 Guam 2 ¶ 6). The factual allegations in the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Contestant opposes the admission of the will on the basis that the statutory formalities for the execution of the will may not have been satisfied as the Decedents appear to have lacked testamentary capacity. Opp'n. at 1-2 ¶ 3. Contestant specifically points out that the second paragraph of the purported will of Lucina C. Velasco ("Lucina") refers to her husband Rafael C. Velasco ("Rafael") and that "[a]ll references in this will to my wife are to her." Petitioner argues that even assuming all factual allegations as true, nothing in the opposition demonstrates that Contestant is entitled, as a matter of law, to the rejection of the wills presented to the Court or to prevent the issuance of letters testamentary to the Petitioner. Pet'r's. Mot. at 10.

The Statutory requirements for the execution of a will can be found in 15 GCA § 201. Section 201 provides :

Every will must be in writing and every will, other than a holographic will, must be executed and attested as follows: (a) It must be subscribed at the end thereof by the testator himself, or it must be subscribed by some person in the testator's presence and by the testator's direction. A person who subscribes the testator's name, by the testator's direction, should write his own name as a witness to the will, but a failure to do so will not affect the validity of the will. (b) The subscription must be made, or the testator must acknowledge it to have been made by the testator or by the testator's authority, in the presence of both of the attesting witnesses, present at the same time. (c) The testator, at the time of subscribing or acknowledging the instrument, must declare to the attesting witnesses that it is his will. (d) There must be at least two (2) attesting witnesses, each of whom must sign the instrument as a witness, at the end of the will, at the testator's request and in the testator's presence. The witnesses should give their places of residence, but a failure to do so will not affect the validity of the will.

15 GCA § 201.

Aside from the purported error in the language used in Paragraph 2 of Lucina's will, Contestant does not raise any other challenges to the execution of the will. Upon review of the will, the Court finds that the requirements under section 201 have been satisfied. Lucina, the testator, subscribed the will in the presence of attesting witnesses; that being Barbara P. Benavente, Joseph L. Aguon, and Karen M. Brokaw. Through the attestation clause, Lucina also declared that the will was hers. (Pet'r's., Ex. A, Dec. 4, 2013). Thus, the issue before the Court is whether the purported error is sufficient to warrant a trial to determine whether Lucina lacked the capacity to execute the will.

The Court finds the purported error alone, taken as true, and also viewed in a light most favorable to the Contestant, is still insufficient to deny admission of the wills. The wills of Lucina and Rafael were executed on the same day, July 14, 1995. The error complained of is only found in Lucina's will. Even if the Court were to invalidate Lucina's will on that basis, Contestant would still remain disinherited under Rafael's will. Therefore, the Court will dismiss Contestant's opposition to the admission of the wills with prejudice.

Next, Contestant objects to Petitioner being appointed administrator on the basis that

Petitioner "appears to have mischaracterized the character and estimated value of the property of the Estates." *Id.* ¶ 4. The Amended Petition provides that the property of the Decedents' estate is as follows: "Lot No. 5, Block No. 12, Unit 11, Tract 100, Dededo, Guam, Estate No. 20190, Urban, containing an area of 6000 square feet, as shown on map filed under Document No. 104570. Last Certificate of Title No. 104570. Value unknown at present time." Am. Pet. at 1-2 ¶ 3. While Contestant argues that such actions of the proposed administrator demonstrate incompetence to execute the duties of administration by reasons of improvidence, or want of understanding or integrity, Contestant fails to assert any description or value of the property to the contrary. Opp'n. to Mot. at 4. Without more, the Court cannot conclude that Petitioner is not competent to serve as administrator. The Court notes that Contestant did not petition to have letters granted to him. There being no other heirs objecting to the Court's granting of letters to the Petitioner, the Court will grant letters testamentary to the Petitioner.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's Motion to Strike but GRANTS Petitioner's alternative Motion to Dismiss.

**IT IS SO ORDERED** this 15th day of April, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto. was placed in the
court box of:
Jessica Toft
Vanessa Ji
Date: 5/15/14 Time: 5 pm

Deputy Clerk, Superior Court of Guam

*In the Matter of the Estate of Rafael C. Velasco and Lucina C. Velasco*
Case No. PR0159-13
Decision and Order